ANDREA RUTH BIRD (SBN 270791)
abird@birdlg.com
427 E 17th St. F-458
Costa Mesa, CA 92627
714-279-8772 x101

JEROLD D. FRIEDMAN (SBN 290434)
jerry@lawofficejdf.com
19744 Beach Blvd, # 390
Huntington Beach, CA 92648
213-536-1244

Attorneys for Plaintiff
SHAYNA LATHUS

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAYNA LATHUS, an individual<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF HUNTINGTON BEACH, a municipal entity, and DOES 1-20, inclusive,<br><br>  Defendants. | Case No.: _____<br><br>CIVIL RIGHTS COMPLAINT:<br><br>(1) VIOLATION OF 42 U.S.C. § 1983 [COMPELLED SPEECH]<br><br>(2) VIOLATION OF 42 U.S.C. § 1983 [FIRST AMENDMENT RETALIATION]<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT - 1

## JURISDICTION AND VENUE

1. This action is for declaratory relief, injunctive relief, and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiff Shayna Lathus's rights under the First Amendment to the United States Constitution.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this case is based on 42 U.S.C. § 1983 and questions of federal constitutional law. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3. The Central District of California is the appropriate venue because the events and conduct complained of herein all occurred in the Central District.

4. Plaintiff demands a jury trial for all issues so triable.

## PARTIES

5. Plaintiff Shayna Lathus is an individual residing in Huntington Beach, California.

6. Defendant City of Huntington Beach ("Huntington Beach") is a municipality in the State of California.

7. The true names or capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as Does 1-20, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will pray for leave to amend this Complaint to show the true names or capacities of these Defendants if and when the same have been determined.

## FACTUAL ALLEGATIONS

8. Free speech plays an essential role in our democracy. For free people to govern themselves, they must be free to openly and publicly express themselves.

9. As a public school teacher and active participant in local civics, Plaintiff Shayna Lathus has long dedicated time and speech to the service of her fellow Californians. In 2018, Ms. Lathus ran for city council in her hometown of Huntington Beach, California. She did not win a seat, but her colleague Kim Carr ("Carr") did.

10. Carr is currently the Mayor of Huntington Beach. She was elected to the City Council in 2018, and became mayor in December of 2020.

11. Shortly after Carr was sworn in as council member of Huntington Beach after the 2018 general election, Carr appointed Ms. Lathus as a member of the Huntington Beach Citizen Participation Advisory Board ("HB CPAB"). Ms. Lathus agreed to be a member of HB CPAB because it presented her with an opportunity to help her fellow Huntington Beach residents, participate in local government, and gain experience and name recognition locally as a springboard to further a career in politics and within Huntington Beach so that she could continue to serve her community.

12. Ms. Lathus faithfully and satisfactorily served on the HB CPAB. She was respected by the other members of the HB CPAB, regardless of differing political views or affiliations, and she enjoyed the work. Ms. Lathus attended every meeting of the HB CPAB. Ms. Lathus never received any complaints about her work on the HB CPAB, from Carr or from anyone else.

13. On April 27, 2019, Ms. Lathus participated in public debate and expression by attending a rally in Huntington Beach, California ("April 27 Rally"). She was motivated to attend the April 27 Rally after learning that anti-immigrant groups had planned a protest against California's sanctuary laws. She wore a shirt that expressed "Bridges, Not Walls," and she joined in chants supporting the immigrant community.

14. Carr later called Ms. Lathus and stated that Carr had seen a photograph of Ms. Lathus at the April 27 Rally standing near individuals dressed in black that Carr identified as "Antifa" members. Carr instructed Ms. Lathus to write a public statement on social media denouncing Antifa.

15. On April 29, because Carr had instructed her to do so, and because Ms. Lathus reasonably understood from Carr that Ms. Lathus's position on the HB CPAB depended on her making a statement, Ms. Lathus posted a statement on social media. In the statement, she stated

that she supports law enforcement officers, she also supports immigrants' rights, she was not aware that people identifying as Antifa would be present at the rally, and she did not engage with people identified as Antifa.

16. Carr then told Ms. Lathus that her statement was "not enough" because Ms. Lathus did not "denounce" Antifa. Carr asked Ms. Lathus to resign from the HB CPAB. Ms. Lathus did not want to resign from the HB CPAB.

17. After the call, Ms. Lathus wanted to speak with her advisors and to get more clarification from Carr on exactly what Carr required Ms. Lathus to say. However, the next day, before Ms. Lathus could talk to Carr again, Ms. Lathus discovered through a social media post that Carr had "removed" Ms. Lathus from the HB CPAB, which in parlance is known as being fired by tweet.

18. Carr then made a social media post stating that "[t]hose that do not immediately denounce hateful, violent groups do not share my values and will not be a part of my team."

19. By forcing Ms. Lathus to make a public statement about her attendance at the April 27 Rally under threat of losing her position on the HB CPAB, Defendant violated Ms. Lathus's right to be free from government compelled speech. By firing Ms. Lathus from her position on the HB CPAB for attending the rally, for not denouncing Antifa, and for associating with people Carr identified as "Antifa," Defendant violated Ms. Lathus's free speech, association, and assembly rights and retaliated against her for exercising those First Amendment rights.

20. Defendant has a persistent and widespread policy, custom, or equivalent to punish and retaliate against its employees and volunteers who engage in protected First Amendment activities, which was the driving force that led to Ms. Lathus being removed from HB CPAB. For example, before Ms. Lathus was appointed to the HB CPAB, Defendant forced another member of HB CPAB to resign as a result of that member's exercise of protected First Amendment rights. Defendant's conduct extends to other departments, committees, and boards.

21. As the council member who appointed Ms. Lathus to the HB CPAB, Carr had final policymaking authority on the decision to hire and fire Ms. Lathus and to force Ms. Lathus to make a public statement. Carr was not disciplined for infringing Ms. Lathus's rights. Indeed, she was later promoted to the position of mayor as a reward for her politics, policies, and conduct, including the removal of Ms. Lathus from city government.

**FIRST CAUSE OF ACTION**

Government Compelled Speech under U.S. Constitution, amendment I

*Monell* through 42. U.S.C § 1983

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully set forth herein in their entirety.

23. Plaintiff was speaking as a private citizen and not as a public employee when she attended and participated in the April 27 Rally.

24. Carr intentionally coerced Plaintiff to make a public statement regarding Plaintiff's attendance at the April 27 Rally as a condition of Plaintiff retaining her status as a member of the HB CPAB.

25. Defendant Carr was acting in her official capacity as council member of Defendant Huntington Beach when she forced Plaintiff to make the public statement.

26. Defendant's forcing of Plaintiff to make the public statement violated Plaintiff's first amendment free speech rights.

27. But for the threat of losing her position as member of the HB CPAB, Plaintiff would not have made the April 29, 2019 public statement.

28. Plaintiff was harmed by Defendant's forcing her to make the public statement.

## SECOND CAUSE OF ACTION

Retaliation for Protected Speech, Association, and Assembly under

U.S. Constitution, amendment I

42. U.S.C § 1983

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth herein in their entirety.

30. Plaintiff was speaking as a private citizen and not as a public employee when she exercised her rights to free speech, association, and assembly by attending and participating in the April 27 Rally.

31. Defendant terminated Plaintiff's employment as member of the HB CPAB in retaliation for Plaintiff's attendance at the April 27 Rally and the appearance of her association with people identified as "Antifa" at that rally.

32. Plaintiff's attendance and participation in the April 27 Rally was the motivating reason for Defendant's decision to end Plaintiff's employment as a member of the HB CPAB.

33. Plaintiff was harmed as a result of Defendant's termination of her employment as member of the HB CPAB; and

34. Defendant's conduct caused Plaintiff's harm.

## PRAYER FOR RELIEF

Plaintiff prays that the Court:

1. Enter a declaration that Defendant's removal of Shayna Lathus as member of the Huntington Beach Citizen Participation Advisory Board violated Ms. Lathus's free speech, association, and assembly rights;

2. Issue preliminary and injunctive relief requiring the City of Huntington Beach to reinstate Shayna Lathus as a member of the Huntington Beach Citizens Advisory Board;

3. Award damages according to proof;

4. Award reasonable costs and expenses, including attorney's fees, pursuant to 42 U.S.C. § 1988 or other appropriate state and federal law; and

5. Any such relief the Court deems just and equitable.

Dated: April 29, 2021                                   ANDREA RUTH BIRD

/s/ *Andrea Ruth Bird*
Andrea Ruth Bird

/s/ *Jerold D. Friedman*
Jerold D. Friedman

Attorneys for Plaintiff